# Ryon, Appellant, *v.* Wynkoop.

*Partnership—Balance admitted to be due—Attachment execution.*

Partnership transactions cannot be settled upon an attachment execution. If, however, the affairs of the partnership have been settled, and an admitted balance is due from one partner to another, this balance may be attached as in other cases.

*Admission of indebtedness—Question for jury.*

Plaintiff issued an attachment execution, alleging that a partnership had existed between defendant and the garnishees, which had been dissolved, and that one of the garnishees had admitted to plaintiff that there was a balance due defendant on partnership account of $1,200. At the trial garnishees denied that there was anything owing by them to defendant. The court charged the jury that the only question for them to determine was whether the garnishees had made any acknowledgment of indebtedness, instructing them that this question was not to be answered from the settlement of the partnership accounts, but simply upon whether there was any evidence that such acknowledgment of indebtedness had been made.

*Held*, not to be error.

Argued Feb. 18, 1892. Appeal, No. 300, Jan. T., 1892, by James Ryon et al., plaintiffs, from judgment of C. P. Schuylkill Co., Sept. T., 1889, No. 176, on verdict for John E. Wynkoop and Edward W. Wynkoop, defendants, and Thomas Grant, and Henry Weiderhold, garnishees. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Attachment execution upon a balance alleged to have been admitted to be due on settlement of partnership accounts.

At the trial before GREEN, J., the evidence was to the effect that the garnishees had been in partnership with the defendant, Wynkoop, which had been dissolved; it was alleged by plaintiff that one of the garnishees had admitted that there was a balance of $1,200 due defendant. Further facts appear by the charge, and the opinion of the Supreme Court.

The charge of the court was in part as follows:

"[You find also in evidence on the part of these defendants, the fact that they dissolved, so far as they could dissolve, this partnership existing between Col. Wynkoop and themselves, claiming that by reason of Col. Wynkoop's conduct in the City of Mexico the operations of the partnership were entirely

thwarted; that is was impossible to carry on business with him; that in consequence of this inability to do any business he was sent home, leaving the other partners in the City of Mexico—at least, Thomas Grant came home with him, and Lewis Grant went on to the City of Mexico, and there he and Henry Weiderhold transacted the business until Mr. Thomas Grant again returned to the City of Mexico. You have these allegations on the part of the defendant; and for that reason we say that, so far as the settlement of the transactions between these parties, as partners, is concerned, we do not think they can be settled in this lawsuit, any more than if Col. Wynkoop himself were to have brought an action for the purpose of bringing about a settlement of partnership affairs, where there had been no actual settlement with him of his interest in the partnership.

" It has been testified that the defendants disclaimed his interest in the partnership, that they made no settlement and struck no balance as to his interest in the partnership, their claim being that the three partners themselves were alone entitled to participate in the profits of this partnership. If it were a question simply for the jury to find out what the interest of Col. Wynkoop in the partnership was, then we would direct a verdict in favor of the garnishees, in favor of the defendants, simply because in this form of proceeding a jury cannot undertake to settle partnership affairs between these parties. The uncontradicted evidence in the case being that this partnership of Grant Bros. & Company did not exist for a very long time; that it was dissolved by the action of the other partners; that Col. Wynkoop was sent back to the United States, it is not for us to inquire at this time into the facts connected with the dissolution of that partnership and the formation of a new partnership, for the purpose of trying to strike a balance and determining what amount might be due Col. Wynkoop under this new partnership.

" The only question we propose to submit to you, gentlemen of the jury, is whether these defendants have made any acknowledgment, whether there is sufficient evidence to show that these parties really owe Col. Wynkoop anything. That is not to be taken from the settlement of the partnership accounts. The allegation on the part of the plaintiff is that these parties have acknowledged the fact that they were indebted to Col. Wynkoop.] [1]

" On that point you have the testimony of one witness upon the part of the plaintiff, that of Mr. Shay, that on the 3d of August, Mr. Thomas Grant came to him whilst he was sitting on the porch of the Ferguson House, in the borough of Shenandoah, and wanted to know whether there was not a large number of claims or judgments against Col. Wynkoop, and alleged that some money, $1,200 we think, according to Mr. Shay's testimony, was owing to Col. Wynkoop by them; we think he made use of the term ' we,' that they were engaged in street paving in Mexico, and that they were going down to Pottsville, on Monday, for the purpose of making some kind of settlement; that he stated also that Col. Wynkoop had claimed something in the neighborhood of $1,600 as his share; that they were willing, or that they would give him $1,200 in the settlement of his claim. That is practically, we think, the testimony of Mr. Shay with regard to this transaction.

" There is no doubt of there having been some dispute between Col. Wynkoop and these people. The main question for you to decide is whether these parties did owe Col. Wynkoop $1,200, or whether the $1,200 that was to be given to him was to be given, not because these parties owed him that amount, but by reason of the fact that it was intended as a compromise of a claim which Col. Wynkoop was urging against them, also by reason of the further fact that one of these partners was closely related to Col. Wynkoop, being a son-in-law, and that rather than have any litigation and bad feeling connected with it they were willing to give him the $1,200 even though they would not admit that they owed him that amount. That is a question for you to determine under the evidence in this case. . . .

" [If, on the contrary, you find, under the evidence in this case, that this $1,200 was not actually owed, but that it was simply offered to Col. Wynkoop as a compromise of a claim, the validity of which these parties disputed, denied, then your verdict ought to be in favor of the defendants.

" You have in evidence the fact that these parties did make a settlement of their partnership transactions, so far as the three partners were concerned, who were recognized by themselves as the partners; on the 5th of June, we think it was; that after paying their debts they found there was a balance of

between five and six thousand dollars of profit, and that this profit was divided among themselves equally; they at the same time agreeing that, if they were to be liable for any further claims against them, that they would each pay their proportion of the claim. This, we think, was practically a settlement of the partnership affairs between these parties, but, of course, no settlement of any partnership affairs so far as Col. Wynkoop was concerned, because they denied his being a partner at all. But we do not think that is either here or there; so far as this case is concerned, it must be decided by you upon the question as we have laid it down to you, whether there is sufficient proof here to show that these parties owed Mr. Wynkoop $1,200 or whether they simply offered him this $1,200, not because they owed it to him, but simply for the purpose of settling a law suit, and by reason of the relationship existing between the parties.] [2]

" If you should find a verdict in favor of the plaintiff, as only two of the partners are made garnishees, the third partner, Lewis Grant, not being a party here, then two of the partners would be liable for the payment each for his proportion, that is, they would be each liable for the payment of $400 with interest. If, however, you find in favor of the defendants, that this $1,200 was not owing by this partnership to Col. Wynkoop, then your verdict ought to be in favor of the defendants and garnishees."

Verdict for defendants and garnishees and judgment thereon. Plaintiff appealed.

*Errors assigned* were, among others, (1 and 2) the portions of the charge in brackets, quoting them.

*James Ryon, George W. Ryon* with him, for appellants.

*Fergus G. Farquhar, John D. Sells* with him, for appellees.

PER CURIAM, March 28, 1892:

This was an attachment execution, in which Thomas Grant and Henry Weiderhold were made garnishees of John E. Wynkoop. The garnishees pleaded nulla bona, and went to trial upon that issue. The plaintiff alleged that Wynkoop, the defendant in the attachment, had entered into a partnership with the garnishees for paving certain streets in the city of Mexico; that the paving having been finished, and the partnership

closed, there was a certain amount of profits to be divided, and that the sum of $1,200 was admitted to be due from the garnishees to John E. Wynkoop. It is very plain that partnership transactions cannot be settled upon an attachment execution. If, however, the affairs of the partnership have been settled, and an admitted balance is due from one partner to another, it may be attached as in other cases. The learned judge below fairly left it to the jury to find, first, whether Wynkoop was a partner; and, second, whether there was a clear admission of an indebtedness due to him from the other partners. The jury have found against the plaintiff upon both these facts; and, as they were properly submitted, we cannot disturb the judgment.

Judgment affirmed.